```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF TENNESSEE
                     NASHVILLE DIVISION
```

CATHRIN A. FUNK-VAUGHN,            )
                                   )
        Plaintiff                  )
                                   )  No. 3:18-cv-1286
v.                                 )  Chief Judge Crenshaw/Brown
                                   )  **Jury Demand**
TENNESSEE DEPARTMENT OF            )
CHILDREN'S SERVICES,               )
                                   )
        Defendant                  )

**TO: THE HONORABLE WAVERLY D. CRENSHAW, JR.,
     CHIEF UNITED STATES DISTRICT JUDGE**

### REPORT AND RECOMMENDATION

For the reasons stated below the Magistrate Judge **RECOMMENDS** that the pending motion to dismiss for failure to state a claim by the Tennessee Department of Children's Services (Docket Entry 6) be **GRANTED**, and the motion for a default and for a trial date by the plaintiff (Docket Entry 12) be **DENIED** as moot.

### BACKGROUND

The Plaintiff filed her complaint against the Tennessee Department of Children's Services as the sole defendant (Docket Entry 1) on November 13, 2018. In response to the complaint, the defendant filed a motion to dismiss for failure to state a claim (Docket Entry 6), supported by a memorandum of law (Docket Entry 7). Upon the filing of this motion, an order (Docket Entry 8) was entered directing the plaintiff to respond to the motion on or before January 8, 2019, and advising the plaintiff that if she wished to amend her complaint she needed to read Federal Rules of Civil Procedure 15.

The plaintiff subsequently filed a response to the motion (Docket Entry 11), along with her motion for default and to set a court date for trial (Docket Entry 12).

**LEGAL DISCUSSION**

**Standard of Review.** The State has correctly set out the standard of review for a motion to dismiss under Federal Rules of Civil Procedure 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570(2007)). "Merely pleading facts that are consistent with a defendant's liability or that permit the court to infer misconduct is insufficient to constitute a plausible claim." *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). While pro se complaints are held to less stringent standards than formal pleadings and are liberally construed, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure and the court is not required to construe a cause of action on behalf of a pro se litigant. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). The Court is not required to create a plaintiff's claim for her. As the 6th Circuit explained, it declined to:

> [A]ffirmatively require courts to ferret out the strongest cause of action on behalf of pro se litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.

*Young Bok Song v. Gipson*, 423 F.App'x 506, 510 (6th Cir. 2011).

The complaint itself lists as the sole defendant the Tennessee Department of Children's Services (TDCS) and alleges jurisdiction under 42 U.S.C. § 1983 and 18 U.S.C. § 242. The complaint itself alleges a "conspiracy to deny access to the court, to family rights, to bodily and emotional integrity, to equal protection" based on violations of 42 U.S.C. § 1983, the First and Fourteenth Amendments, as well as the Fourth, Fifth and Ninth Amendments of the United States Constitution.

Paragraph 2 alleges Sixth Amendment violations for ineffective assistance of counsel and the lack of trial strategy that led to adverse opinions in state courts against the plaintiff.

Paragraph 3[1] alleges conspiracy to injure rights of party in state court and a denial of equal protection.

Paragraph 4 alleges unconstitutional family separation in violation of the Fourteenth Amendment based on the removal of child from the biological natural parent.

Paragraph 5 alleges conspiracy to deny the parent and her children equal protection of the law and to hinder authorities from providing equal protection of the law.

Paragraph 6 alleges a *Monell* violation.

Paragraph 7 alleges intentional interference with exercise of federal civil rights under the First and Fourteenth Amendments.

Paragraph 8 alleges negligence per se: failure to carry out mandatory statutory duties.

Paragraph 9 alleges taxpayer lawsuit.

---

[1] Paragraph 3 is included with paragraph 2.

Paragraph 10 alleges state and local county officials violated and deprived the plaintiff of fundamental liberty interest and federal constitutional rights of biological parents and their children using the color of state law to effect these violations and deprivations of federally protected constitutional rights and fundamental liberty interest.

The plaintiff cites two cases by name with no further citation and concluded in paragraph 11 with a demand for a jury trial.

The plaintiff, in her prayer for relief, seeks to redress injuries caused by state laws terminating parental rights and caused by the defendant's conduct, and to prevent the substantial risk of future irreparable injury to persons in the state as the result of the defendant's actions; a declaratory judgment that any invoices the defendants or agents have given to plaintiff for child protection costs, including foster care costs, are null, void and unenforceable; injunctions enforcing statutory provisions referenced in her complaint; attorneys' fees; and costs and expenses (Docket Entry 1, Page ID 253).

Attached to the complaint are an additional 229 pages of pleadings and documents which, because they contained sensitive information about the plaintiff's children, were separated and placed under seal (Docket Entry 1-2).

These pleadings (beginning at Docket Entry 1-2, Page ID 255) list Ground One alleging fraud, apparently dealing with the removal of two of her children and her arrest on charges of child abuse and child neglect of a child under 6 years of age in 2006.

4

Ground Two at ID 257 is listed as duress and alleges that the attorney in the 2006 proceedings advised the plaintiff that the only way she could see her children was by taking a diversion on various charges. The plaintiff alleges that in 2008-2009 the TDCS sent a Ms. Brown out to force the plaintiff to sign over her children. The plaintiff further alleges that after she told Ms. Brown to leave, a sealed indictment was taken out against her in retaliation. She alleges that after leaving juvenile court in Murfreesboro in November 2017 her car and home in Indianapolis were vandalized. The plaintiff alleges that she signed the charge of child neglect and child abuse of a child under the age of 6 with a spelling that was not her legal signature and that she was forced to sign the document under duress.[2] She contends that all this material is subject to recision under the Uniform Commercial Code and that an attorney is subject to disciplinary action.

At Page ID 259, paragraph numbered 10, the plaintiff tries to allege that adoption of decree may be set aside by a state court.

In Ground Three at Page ID 260, the plaintiff alleges something about the Food and Drug Administration recalling baby formula purchased by the plaintiff.

In Ground Four at Page ID 261, it appears that the plaintiff tries to allege that the TDCS lacked jurisdiction since she was only passing through Tennessee at the time they assumed jurisdiction over her children.

---

[2]The complaint is full of misspellings. The Court will not use actual quotations with (sic) in order to avoid making this complaint even more difficult to read.

In Ground Five at Page ID 264, the plaintiff contends that TDCS violated a court order granting her 3 days a week, 4 hours a day of visitation, referring to an October 5, 2006, order of Judge Beth Mason in the Circuit Court of Oregon for the County of Washington.

In Grounds Six-Nine, the plaintiff continues, without citing specific facts, to allege violations of the First, Fourth, Sixth, and Fourteenth Amendments to the U.S. Constitution.

In Ground Ten, at Page ID 267, the plaintiff again alleges that the TDCS violated a court visitation order entered October 5, 2006, by Judge Beth Mason in the Circuit Court of Oregon for the County of Washington.

Ground Eleven, at Page ID 269, alleges a violation of 18 U.S.C. § 1201, Kidnaping, again relating to the State of Oregon court proceedings.

Ground Twelve, at Page ID 270, alleges a violation of 25 C.F.R. § 11.404 for false imprisonment and a violation apparently under Tennessee Code Annotated 39-13-302 for false imprisonment.

Ground Thirteen, at Page ID 271, alleges immunity for false arrest or imprisonment, citing T.C.A. 39-14-122 that provides that a person causing the arrest of the drawer of a check shall not be criminally or civilly liable for false arrest or false imprisonment if the person acted in good faith. The plaintiff then attaches an affidavit of complaint that appears to charge her with aggravated child abuse dated November 13, 2006, Page ID 273.

The remainder of the 229 pages attached to the complaint consist of copies of medical records, court proceedings, and lengthy quotes from statutes and regulations.

The plaintiff named only the Tennessee Department of Children's Services as the defendant in her complaint and has obtained service of process only on TDCS. She has not filed an amended complaint seeking to add other defendants, despite being advised of the procedure to do so.

In the plaintiff's response to the defendant's motion to dismiss for failure to state a claim against TDCS (Docket Entry 11), her sole argument appears to be that the TDCS is not a state, but is an agency and is subject to the Court's jurisdiction under 1983. At Page ID 490, the plaintiff mentions, in addition to TDCS, the Rutherford County Juvenile Court of Murfreesboro as causing her various harms by not upholding the law. In paragraph (7), the plaintiff alleges that TDCS and Rutherford County Juvenile Court violated the law in 2006 by not transporting her children back to their home state of Oregon. In paragraph (8), she alleges that she lost her home in Oregon due to TDCS, the Murfreesboro Police Department, and the Rutherford County Juvenile Court of Murfreesboro not upholding the law. In paragraph (9), she alleges that she lost all her household goods because of actions of these same three identities. In paragraph (10), the plaintiff alleges that she was arrested and detained on a fraudulent arrest warrant due to the actions of TDCS and the Murfreesboro Police Department. In paragraph (11), she alleges that she was discriminated against by the TDCS and the Murfreesboro Police Department for not being a resident of the state of Tennessee. In paragraph (12), the plaintiff alleges that she was detained in the State of Tennessee from 2006-2009 by TDCS, the Murfreesboro Police Department, and the Rutherford County courts due to their actions in not upholding the

7

law. In paragraph (13), the plaintiff further alleges that her minor children have been illegally detained from 2006 to the present due to actions by the TDCS, the Murfreesboro Police Department, and the Rutherford County courts of Murfreesboro, Tennessee.

**LEGAL DISCUSSION**

The State is correct in its Memorandum of Law (Docket Entry 7). The law in the Sixth Circuit is crystal clear that the Tennessee Department of Children's Services is a department of the state and therefore is immune from suit under the Eleventh Amendment of the United States Constitution. *Hans v. Louisiana*, 134 U.S. 1 (1890); *Alden v. Maine*, 527 U.S. 706 (1999). The plaintiff's action does not come under either of the two exceptions to the Eleventh Amendment immunity for monetary damages against states and their agencies, in as much as Congress has not expressly abrogated the Eleventh Amendment in legislation, *Hoffman v. Conn. Dep't of Income Maint.*, 492 U.S. 96, 101 (1989), or where the state has expressly waived immunity from suit for money damages in federal court. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984).

With respect to claims under 42 U.S.C. § 1983, the Supreme Court has specifically held that this section does not abrogate Eleventh Amendment immunity. *Quern v. Jordan*, 440 U.S. 332, 340-41 (1979).

In *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 67 (1989), the Supreme Court specifically held that neither a state nor its officials acting in their official capacities are persons subject to suit under 1983. The Sixth Circuit in *Gean v. Hattaway*, 330 F.3d 758, 766 (6th Cir. 2003) specifically held that the Tennessee Department of

8

Children's Services is a state agency, citing T.C.A. § 4-3-101, designating TDCS as an administrative departments of the Tennessee State government. The plaintiff has only sued the Tennessee Department of Children's Services. As such, the department is immune from the claims of the plaintiff and the state's motion should be granted.

To the extent the plaintiff somehow was attempting to amend her complaint to add the Rutherford County Juvenile Court and the Murfreesboro Police Department, she has not properly amended her complaint with her pleading entitled Objection/Motion to Dismiss (Docket Entry 11). The plaintiff has not attempted service on any other defendants, and even if she had, it would appear that the Court would lack jurisdiction under the *Heck v. Humphrey* doctrine or the *Rooker-Feldman* doctrine.

To the extent the plaintiff is attacking criminal convictions in civil proceedings, *Heck v. Humphrey*, 512 U.S. 477 (1994) prohibits civil damage claims under 1983 unless the plaintiff can prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by federal court issuance of writs of habeas corpus. The plaintiff's complaint makes no factual allegation that any of the criminal matters in this case have been reversed.

To the extent the plaintiff attempts to overturn state court proceedings, the *Rooker-Feldman* doctrine does not grant the federal court jurisdiction to review those proceedings. Any such review of state court judgments which cause harm to the plaintiff must be done through appeal to the United States Supreme Court, not to a district

9

court. The Supreme Court in *Exxon Mobile Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280 (2005) held that the appellate jurisdiction to reverse or modify a state court judgment is lodged, initially by Section 25 of the Judiciary Act of 1789, 1 Stat. 85, and now by 28 U.S.C. § 1257, exclusively in the Supreme Court. *Id*. at 283. Federal District Courts are empowered to exercise original, not appellate, jurisdiction. *Id*. Plaintiffs that litigate and lose in a state court may not essentially invite Federal District Courts to review and reverse unfavorable state court judgments. *Id*. at 283-84. Such attempted appeals of state court judgments in a federal district court are properly dismissed for want of subject matter jurisdiction. *Id*. at 284.

In *Exxon*, the Supreme Court noted that this doctrine was a limited one and should not be overly extended to preclude litigation which did not involve a need to review state court proceedings. *Id*. at 291. The Sixth Circuit has also addressed the extent of the *Rooker-Feldman* doctrine in *Pletos v. Makower Abatte Guerra Wegner Vollmer, PLLC*, 731 F. App'x 431 (6th Cir. 2018). In that case the Sixth Circuit extensively discussed the application of the *Rooker-Feldman* doctrine to state court proceedings. The district court may dismiss a case only when the cause of the plaintiff's complaint is the state court judgment itself. The District Court is directed to look at the source of the injury the plaintiff alleges in the federal complaint and determine if the injury is the state court itself or another source such as a third

10

party's actions. However, if the third party's actions are the product of a state court judgment then the plaintiff's challenge to those actions are in fact a challenge to the judgment itself. *Pletos*, 731 F. App'x at 434-35. It appears that the Pletoses were arguing that their injuries were not caused by the state court judgment itself, but by the actions of various individuals seeking to collect on that judgment. However, the Sixth Circuit found that the nature of each of the Pletoses' claims showed that they stemmed from the state court litigation. *Id*. at 436. In this case, the plaintiff is seeking to reverse judgements of the Rutherford County Juvenile Court of Murfreesboro. Any harm she claims comes from those judgments.

Finally, it must be noted that to the extent the plaintiff, a non-lawyer, attempts to represent her minor children, she may not do so. *Bass v. Leatherwood*, 788 F.3d 228 (6th Cir. 2015); *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir. 2002).

The plaintiff has filed a motion for default (Docket Entry 12) on the grounds that the State has not answered her complaint. That motion must be **DENIED**. The State has properly filed a motion to dismiss. A defendant is not required to file an answer until 14 days after a properly filed motion to dismiss is resolved. See Federal Rules of Civil Procedure 12(a)(4)(A).

## RECOMMENDATION

For the reasons stated above, the Magistrate Judge **RECOMMENDS** that the State's Motion to Dismiss (Docket Entry 6) be **GRANTED** and, to the extent the plaintiff has attempted to amend her complaint, that

11

the case nevertheless be **DISMISSED** because the Court lacks jurisdiction under the *Rooker-Feldman* doctrine and *Heck v. Humphrey*.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has **14 days** from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have **14 days** from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within **14 days** of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn*, 474 U.S. 140 106 S. Ct. 466, 88 L.Ed.2d 435 (1985), *Reh'g denied*, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of February, 2019.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge

12

Case 3:18-cv-01286   Document 14   Filed 02/06/19   Page 12 of 12 PageID #: 514